# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GARCIA, et al.,<br><br>　　　　　Defendants. | 1:20-cv-01652-NONE-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Fernando Coria ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 23, 2020. (ECF No. 1.)

On September 23, 2020 and October 5, 2020, Plaintiff filed motions for a temporary restraining order and preliminary injunction, which the court construes as motions for preliminary injunctive relief. (ECF Nos. 2, 5.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at

374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## II.   PLAINTIFF'S MOTIONS

Plaintiff requests a court order compelling officials at Kern Valley State Prison ("KVSP") to stop retaliating against him, stop responding with deliberate indifference to his serious medical needs, and stop discriminating against him. Plaintiff also requests to be transferred back to the R. J. Donovan Correctional Facility in San Diego, California.

### Analysis

The court lacks jurisdiction to issue a court order enjoining officials at Kern Valley State Prison (KVSP) in Delano, California, from acting against Plaintiff. When Plaintiff filed this case, he was incarcerated at KVSP. Plaintiff is currently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California. Plaintiff's motions for preliminary injunctive relief against officials at KVSP should be denied as moot because Plaintiff is no longer in custody there.[1] Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be transferred back to the Detention Facility in Bakersfield. Therefore, Plaintiff's motions should be denied as moot.

---

[1] On October 13, 2020, Plaintiff filed a notice of change of his address from Kern Valley State Prison to the R.J. Donovan Correctional Facility. (ECF No. 9.)

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on September 23, 2020 and October 5, 2020, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 23, 2021**                   **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE