# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA,<br><br>            Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>            Defendants. | 1:20-cv-01652-NONE-GSA (PC)<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.      BACKGROUND

Fernando Coria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 20, 2020. (ECF No. 1.)

On January 11, 2021, Plaintiff filed a motion for injunctive relief from harassment, which the court construes as a motion for preliminary injunctive relief. (ECF No. 13.) On January 25, 2021, the court issued findings and recommendations recommending that Plaintiff's motion be denied. (ECF No. 15.) On February 22, 2021, the court withdrew the findings and recommendations because they contained information not pertaining to Plaintiff's case. (ECF No. 20.)

The court now issues amended findings and recommendations concerning Plaintiff's motion for preliminary injunctive relief filed on January 11, 2021 (ECF No. 13).

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## II. PLAINTIFF'S MOTION

Plaintiff requests a court order compelling officials at the California Substance Abuse Treatment Facility and State Prison ("SATF") to stop harassing him, coercing him, and playing mind games with him since he filed grievances about the assault against him. Plaintiff alleges that when he is housed back at SATF for court hearings staff have denied him necessities, called him a "snitch," froze his inmate trust account, and twice have refused him food.

### Analysis

The court lacks jurisdiction to issue a court order enjoining officials at SATF from acting against Plaintiff. This case was filed against defendants at SATF based on events which occurred before November 20, 2020. Plaintiff now requests a court order for prospective relief to protect him from present and future harassment by staff at SATF when he returns there for court hearings. Because such an order would not remedy any of the claims in this case, which are based upon past events, the court lacks jurisdiction to issue the order sought by Plaintiff, and therefore Plaintiff's motion must be denied.

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on January 11, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated:   **March 2, 2021**                              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE