# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>    Defendants. | 1:20-cv-01652-NONE-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.     BACKGROUND**

Fernando Coria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 20, 2020. (ECF No. 1.)

On February 11, 2021, Plaintiff filed a motion seeking more access to the prison law library at the California Correctional Institution (CCI) in Tehachapi, California, where he is currently incarcerated. (ECF No. 17.) The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

**II.    PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## II.   PLAINTIFF'S MOTION

Plaintiff requests a court order compelling prison officials at CCI to allow him more access to the law library in spite of limitations due to Covid-19 pandemic.

### Analysis

The court lacks jurisdiction to issue a court order compelling officials at CCI to allow him more time in the law library. This case was filed against defendants at the California Substance Abuse Treatment Facility and State Prison (SATF) when Plaintiff was incarcerated there. Plaintiff now requests a court order for prospective relief at CCI. Because such an order would not remedy any of the claims in this case, which are based upon past events at SATF, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

## III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 11, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **March 2, 2021**                             **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE