UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. GARCIA, et al., <br><br> Defendants. | No. 1:20-cv-01652-NONE-GSA (PC) <br><br> ORDER ADOPTING, IN PART, AMENDED FINDINGS AND RECOMMENDATIONS <br><br> (Doc. No. 21) |

Plaintiff Fernando Coria, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The central allegation of plaintiff's complaint appears to be that officials at the California Substance Abuse Treatment Facility and State Prison ("SATF") used excessive force against plaintiff and then covered up the use of that force and/or retaliated against plaintiff for complaining about that use of force. (*See generally* Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 11, 2021, plaintiff filed a motion "for injunctive relief from harassment," which was construed by the assigned magistrate judge as a motion for preliminary injunctive relief. (Doc. No. 13.) Plaintiff asserted therein that he is sometimes housed at SATF for the duration of his court proceedings and that, while he is there, SATF officials threaten him, refuse

/////

1

to give him food, and freeze his inmate trust account. (*Id*.) Plaintiff requests injunctive relief against this conduct. (*Id*.)

On March 2, 2021, amended findings and recommendations[1] were issued by the magistrate judge recommending that plaintiff's motion be denied on the ground that the court lacks jurisdiction to enter the requested injunction. (Doc. No. 21 at 2.) Plaintiff was granted fourteen days in which to file objections to the amended findings and recommendations. (*Id.* at 3.) The time for filing objections has now expired, and plaintiff has not filed objections or responded otherwise to the amended findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. The court adopts the recommendation that plaintiff's motion for injunctive relief should be denied but rests that conclusion on somewhat different grounds than those set forth in the pending findings and recommendations.

**A.     Legal Standards**

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). A court may not attempt to determine the rights of persons not before it. *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C).

Second, "[a] plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of

---

[1] On February 10, 2021, plaintiff informed the court that the original findings and recommendations (Doc. No. 15) contained information not pertaining to plaintiff's case. On March 2, 2021, the magistrate judge issued amended findings and recommendations addressing (Doc. No. 21) that reflected corrections made by the court.

2

preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir. 2009) (quoting *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citations omitted) (emphasis in original).

**B.     Analysis**

The magistrate judge concluded that this court lacks jurisdiction to enter the requested injunctive relief because the complaint concerns defendants' alleged past behavior and the requested injunction seeks prospective relief. (Doc. No. 22 at 2.)  Although the court does not decide whether the magistrate judge's reasoning was correct, the court agrees that it lacks jurisdiction to enter the injunction.  A federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  Here, plaintiff's complaint is brought against four specific officers at SATF, who have not yet been served and therefore are not before the court.  Accordingly, the court lacks jurisdiction over defendants. *See Murphy Bros.,* 526 U.S. at 350.  Thus, the court may not enter any injunction. *See Zepeda*, 753 F.2d at 727–28.

Moreover, plaintiff also has not established that he is entitled to a preliminary injunction on the merits for at least three reasons.  First, plaintiff has not established that he will suffer any irreparable harm in the absence of the granting of preliminary injunctive relief.  Plaintiff's address of record is at CSP-Tehachapi, and that is the prison at which he signed his motion for a preliminary injunction. (Doc. No. 13 at 3.)  Plaintiff states he frequently returns to SATF for certain court proceedings.  However, plaintiff has not provided any details about how often he is confined at SATF, such as the status of his court proceedings, or whether they are expected to continue. (*See id.* at 1–2.)  Given that lack of a showing, the court cannot evaluate how likely it is that plaintiff will suffer harm absent the granting of an injunction.  Without such information about the extent of the harms plaintiff suffers, plaintiff cannot carry his heavy burden to clearly

/////

3

establish he is entitled to preliminary injunction, relief that has been recognized as drastic. *See Mazurek*, 520 U.S. at 972.

Second, it is unclear that the requested relief will remedy the claimed harms. As noted above, a preliminary injunction binds only "the parties;" their "officers, agents, servants, employees, and attorneys;" and others "in active concert or participation" with the foregoing. Fed. R. Civ. P. 65(d)(2). Plaintiff's motion for injunctive relief does not specifically identify the prison officials who are allegedly harming him at this time. (*See* Doc. No. 13.) The court is left to speculate whether they are the named defendants or others in active concert or participation with defendants, or other actors. Thus, plaintiff has not established that the preliminary injunction would bind the officials allegedly violating his rights. Accordingly, plaintiff is not entitled to the preliminary injunctive relief he seeks. *Cf. Perfect 10, Inc. v. Google, Inc.*, 653 F3d 976, 981–82 (9th Cir. 2011) (concluding that movant failed to establish irreparable harm because it did not show the requested relief would remedy the complained-of injuries); *Melendres v. Arpaio*, 784 F.3d 1254, 1265 (9th Cir. 2015) ("We have long held that injunctive relief must be tailored to remedy the specific harm alleged.")

Finally, plaintiff makes no showings whatsoever about whether he is likely to succeed on the merits of his claims asserted in this action.

## CONCLUSION

For the reasons explained above, the March 2, 2021 amended findings and recommendations (Doc. No. 21) are ADOPTED IN PART and plaintiff's January 11, 2021 motion for preliminary injunctive relief (Doc. No 13) is DENIED.

IT IS SO ORDERED.

Dated: **June 9, 2021**

UNITED STATES DISTRICT JUDGE

4