UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GARCIA, et al., <br><br> Defendants. | **1:20-cv-01652-DAD-GSA-PC** <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY WITH PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS GARCIA, NAVARRO, GALLAWAY, AND AVILA-BECERRA, AND THAT ALL OTHER CLAIMS BE DISMISSED** <br><br> **OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

Fernando Coria, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 20, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

The Complaint names as defendants Correctional Officer (C/O) M. Garcia, C/O Thomas Navarro, C/O Jeffrey Gallaway, and C/O Sergio Avila-Becerra (collectively, "Defendants"), and brings claims for use of excessive force, retaliation, improper prison appeals process, false reports, cover-up of wrongdoing, violation of due process, denial of access to courts, and deliberate indifference.

The court screened the Complaint and found that it states cognizable claims under the Eighth Amendment against defendants Garcia, Navarro, Gallaway, and Avila-Becerra for use of excessive force, but no other cognizable claims against any Defendant. (ECF No. 34.) On March 13, 2022, the court issued a screening order requiring Plaintiff to either (1) file an amended

complaint, or (2) notify the court that he is willing to proceed only with the claims found cognizable by the court.  (Id.)

On March 30, 2022 and April 5, 2022, Plaintiff notified the court that he is willing to proceed only with the claims found cognizable by the court.  (ECF Nos. 35, 36.)

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's claims against defendants Garcia, Navarro, Gallaway, and Avila-Becerra for use of excessive force in violation of the Eighth Amendment;
2. All remaining claims and defendants be dismissed from this action;
3. Plaintiff's claims for retaliation, improper prison appeals process, false reports, cover-up of wrongdoing, violation of due process, denial of access to courts, and deliberate indifference be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted; and
4. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 6, 2022**           /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE