UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA, JR., | **1:20-cv-01652-DAD-GSA-PC** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO STAY BE GRANTED** |
| vs. | |
| GARCIA, et al., | **(ECF No. 50.)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.      BACKGROUND

Fernando Coria, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint filed on November 20, 2020, against defendants Garcia, Navarro, Gallaway, and Avila-Becerra ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 1.)

On October 25, 2022, Defendants filed a motion to stay the proceedings in this case, including Defendants' obligation to file a responsive pleading, "until Plaintiff's related pending criminal proceeding and prison disciplinary matter are resolved."  (ECF No. 50.)  On that same

1    day, Defendants filed a request for judicial notice.[1] (ECF No. 51). Plaintiff has not filed an

2    opposition to Defendants' motion to stay, and the time in which to do so has passed.  Local Rule

3    230(*l*).

4         For the reasons that follow, the Court will recommend that Defendants' motion to stay be

5    granted.

6    **II.     MOTION TO STAY CIVIL ACTION**

7         **A.     Legal Standards**

8              **1.     Stay of Civil Action Pending Outcome of Criminal Action**

9    "The Constitution does not ordinarily require a stay of civil proceedings pending the

10   outcome of criminal proceedings."  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324

11   (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved,

12   [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our

13   jurisprudence." Id. (alterations in original). "Nevertheless, a court may decide in its discretion

14   to stay civil proceedings . . . when the interests of justice seem [] to require such action." Id.

15   (alterations in original) (citations and internal quotation marks omitted). "The decision whether

16   to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of

17   the particular circumstances and competing interests involved in the case. This means the

18   decisionmaker should consider the extent to which the defendant's Fifth Amendment rights are

19   implicated. In addition, the decisionmaker should generally consider the following factors: (1)

20   the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular

21   aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular

22   _____

23   [1] The Court grants Defendants' unopposed request for the Court to take judicial notice of
     the docket from Plaintiff's criminal case (Exh. A), the criminal complaint against Plaintiff (Exh. B), the
24   CDCR Rules Violation Report (RVR) Log no. 6559565 against Plaintiff (Exh. C), and the Declaration of
     Nicholas Hernandez authenticating Plaintiff's prison central file records (Exh. D).  (ECF No. 51.)  U.S.
25   ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (Courts
     "may take notice of proceedings in other courts, both within and without the federal judicial system, if
26   those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks
     omitted).  Courts may also take judicial notice of administrative records, including "records and reports
27   of administrative bodies." Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).
     Judicial notice is also appropriately taken of the official records of the California Department of
28   Corrections and Rehabilitation (CDCR). Brown v. Valoff, 422 F.3d 926, 931 n.7 (9th Cir. 2004).

1  aspect of the proceedings may impose on defendants; (3) the convenience of the court in the

2  management of its cases, and the efficient use of judicial resources; (4) the interests of persons

3  not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal

4  litigation." Id. at 324-25 (citations and internal quotation marks omitted).

5  **2.    Younger Abstention Doctrine**

6  In general, federal courts are required to abstain from interfering with ongoing state

7  criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45 (1971).  Principles of comity and

8  federalism weigh against a federal court interfering with ongoing state criminal proceedings by

9  granting injunctive or declaratory relief absent extraordinary circumstances.  Id. at 43-

10  54.  Abstention under Younger is required when: (1) state proceedings, judicial in nature, are

11  pending; (2) state proceedings involve important state interests; and (3) the state proceedings

12  afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethics

13  Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v.

14  Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). Criminal proceedings, by their very

15  nature, involve important state interests.  See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.

16  2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (stating that a state has

17  an important interest in passing upon and correcting violations of a defendant's rights in criminal

18  proceedings).  Where all three criteria for abstention are met, the Younger doctrine requires the

19  federal court to dismiss the action.  See Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir.

20  1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain

21  jurisdiction over the action, and render a decision on the merits after the state proceedings have

22  ended.  To the contrary, Younger abstention requires *dismissal* of the federal action." (emphasis

23  in original) (citations omitted)).

24  **III.    DEFENDANTS' MOTION TO STAY**

25  **A.    The Current Civil Action**

26  According to Defendants, "Plaintiff alleges that on February 25, 2019, while he was

27  incarcerated at SATF, Officers Garcia, Avila-Becerra, Navarro, and Gallaway battered him with

28  their closed fists and work boots without provocation. (ECF No. 1 at 3.) As a result, Plaintiff

alleges he sustained abrasions, scratches, a chipped tooth, a broken nose, facial discoloration and swelling, and pain in his elbow. (Id.)

### B.      The Criminal Case

Plaintiff is currently being criminally prosecuted for battery on Officer Garcia and resisting Officers Avila-Becerra and Gallaway on February 25, 2019, while confined in a state prison in People of the State of California v. Fernando Coria, Jr., Kings County Superior Court Case No. 19CM-4180.  (ECF No. 51 at 4, (Exh. A.))

### C.      The Rules Violation Report

Plaintiff received a Rules Violation Report (RVR) on February 25, 2019, for the incident alleged in this case. (RJN Ex. C (RVR Log No. 6559565)). According to the RVR and attached incident report, Officer Hendrix noticed that Plaintiff was wearing a hat in the dining hall.  (Id. at 33.) Officer Hendrix ordered Plaintiff three times to remove his hat while he was in the dining hall.  (Id.) Plaintiff refused.  (Id.) Plaintiff appeared agitated, questioned Officer Hendrix's authority, and refused Officer Hendrix's orders to give her the hat.  (Id.)  Officer Hendrix ordered Plaintiff to exit the dining hall.  (Id.)  Once outside, Plaintiff was uncooperative and not receptive to Officer Hendrix counseling him.  (Id.)  Officer Garcia heard Plaintiff's loud voice and responded to Officer Hendrix's location.  (Id. at 31.)  Officer Garcia ordered Plaintiff to submit to a clothed body search.  (Id. at 33.) Officer Hendrix returned to the dining hall.  (Id.)

Officer Garcia ordered Plaintiff to face the wall to conduct the search. (Id. at 31.) Officers Avila-Becerra and Gallaway observed the search.  (Id. at 21, 28.)  During the search, Plaintiff spun around and attempted to strike Officer Garcia in the upper chest.  (Id. at 21, 28, 31.)  Plaintiff grabbed Officer Garcia's shirt and attempted to pull Officer Garcia to the ground.  (Id.)  Officer Garcia defended himself, striking Plaintiff several times.  (Id.)  Officer Avila-Becerra gave several orders to Plaintiff to stop resisting, which Plaintiff ignored. (Id. at 21, 28.)  Officer Avila-Becerra attempted to force Plaintiff to the ground with his body weight.  (Id.)  Plaintiff lunged at Officer Garcia, and Officer Garcia again struck Plaintiff.  (Id. at 31.)   At that time, Officer Navarro was in the dining hall and heard a commotion outside.  (Id. at 35.)  Officer Navarro went outside and observed Plaintiff being combative and resisting Officer Avila-Becerra as Officer

1   Avila-Becerra was attempting to control Plaintiff.  (Id.)  Officer Avila-Becerra grabbed Plaintiff

2   and used his body weight to take Plaintiff to the ground.  (Id. at 21.)  Plaintiff landed on his face

3   and stomach, with Officer Avila-Becerra falling on top of Plaintiff's low back.  (Id. at 21-22.)

4   Once on the ground Officer Gallaway ordered Plaintiff to stop resisting, Plaintiff refused.  (Id. at

5   28.)  Officers Gallaway, Avila-Becerra, Navarro, and Garcia used their weight to keep Plaintiff

6   on the ground.  (Id. at 21, 28, 31, 35.)  Then, Officer Avila-Becerra was able to handcuff Plaintiff.

7   (Id.)

8        The RVR reflects that Plaintiff elected to postpone the RVR disciplinary proceedings

9   pending the outcome of his criminal case.  (Id. at 44.)

10       **D.      Defendants' Arguments**

11       **This Action Should be Stayed Because Plaintiff's Criminal Prosecution and**
        **Prison Disciplinary Proceeding Involve the Same Nucleus of Facts as this**
12      **Case.**

13       Defendants are concerned that if this case proceeds while the criminal case is pending,

14   Plaintiff will invoke his Fifth Amendment rights which will frustrate any attempts at discovery.

15   Because the excessive force facts in this case and Plaintiff's criminal prosecution substantially

16   overlap, there is a risk of prejudice to Plaintiff's Fifth Amendment rights, and any attempt by

17   Plaintiff to invoke those rights in this action could frustrate Defendants' discovery.

18       Defendants also argue that "[t]here is little risk of prejudice to Plaintiff in a stay of this

19   action because both of Plaintiff's proceedings involve similar facts and witnesses and it is

20   unlikely that evidence will be lost or memories will fade with the passage of time."  (ECF No.

21   50 at 6:11-14.)  Defendants similarly argue that the "public interest weighs in favor of a stay

22   because the public has an interest in ensuring that the criminal process is not subverted by

23   ongoing civil cases."  (Id. at 6:14-16.)

24       On the other hand, Defendants argue that proceeding in this case *without* a stay may cause

25   prejudice to Defendants and "improperly limit the defenses available." (emphasis added) (Id. at

26   6:18-19.)  First, "Plaintiff may use the criminal proceeding to frustrate attempts at discovery."

27   (Id. at 6:19-20.)  Second, "any factual findings in the criminal proceeding could be binding in

28   this action."   (Id. at 6:20-21.)  Also, until the criminal proceedings and prison disciplinary

proceedings are completed, "it is unclear whether Defendants are entitled to" certain defenses, such as the <u>Heck</u> bar and issue preclusion, and [e]ven filing an answer to the Complaint could impact this issue." (<u>Id.</u> at 6:27-7:1.)   Finally, Defendants argue that "judicial efficiency supports the imposition of a stay because Plaintiff's criminal and prison disciplinary actions involve the same facts," (<u>Id.</u> at 7:3-4), and evidence in either the criminal proceedings or the prison disciplinary hearing "may streamline issues in the civil case, making factual disputes in the civil case less likely." (<u>Id.</u> at 7:5-6.)   Thus, Defendants argue that the Court should stay this action until Plaintiff's criminal and prison disciplinary charges arising out of the same events are resolved.

### The Court Should Abstain from Adjudicating this Case While Plaintiff's Criminal Action is Pending Under the Younger Abstention Doctrine.

Defendants argue that under the <u>Younger</u>[2] abstention doctrine, the federal court should refrain from interfering in pending state criminal proceedings absent extraordinary circumstances, and "the court may decline to exercise jurisdiction in a case where it may be forced to decide constitutional issues that are likely to be raised in an ongoing state case." (ECF No. 50 at 7:11-19.).   Defendants argue that "principles of judicial comity authorize the Court to stay this action until Plaintiff's criminal proceedings conclude." (<u>Id.</u> at 8:9-10.)

### E.    Analysis

After weighing the <u>Keating</u> factors, the Court recommends that this civil case be stayed pending resolution of the criminal case and the prison disciplinary proceeding.

First, given the factual overlap between the criminal case, the disciplinary proceedings, and the civil case, it appears that Plaintiff's Fifth Amendment rights are implicated in this case and that the Fifth Amendment could be used to resist discovery.   Accordingly, this factor weighs in favor of a stay.

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971).   "This principle, called <u>Younger</u> abstention, is intended to preserve respect for state functions such that the national government protects federal rights and interests in a way that will not unduly interfere with the legitimate activities of the States." <u>Gilbertson v. Albright</u>, 381 F.3d 965, 970 (9th Cir. 2004) (internal citation and quotation marks omitted).   (ECF No. 50 at 7:14-17.)

As to the first <u>Keating</u> factor, while Plaintiff has an interest in the expeditious resolution of this action, Plaintiff has not opposed Defendants' motion to stay or pointed to any prejudice that he will suffer as a result of the stay. Moreover, any prejudice to Plaintiff is minimal given that all of the proceedings involve similar (if not identical) facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time.  <u>See</u>, <u>e.g.</u>, <u>McCormick v. Rexroth</u>, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010) ("the fact that the witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony should reduce the danger that any testimony will be lost as a result of the stay."). Overall, the Court finds that this factor slightly weighs in favor of allowing this case to proceed.

As to the second factor, the burden on Defendants, Defendants may otherwise have to litigate a case that could be subject to a <u>Heck</u> bar defense.  If the court in the criminal action considers Plaintiff's factual allegations regarding the alleged excessive force incidents, such findings may be binding in this Court.  <u>See Wallace v. Kato</u>, 549 U.S. 384, 394, (2007)) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). Thus, this factor weighs in favor of staying this case.

As to the third factor, judicial efficiency, this factor also favors imposition of a stay because Plaintiff's criminal action involves many, if not all of the same facts and some of the same issues.  Thus, it serves the interest of judicial economy for the Court to stay this case and not duplicate the work of the court considering Plaintiff's criminal case.

As to the fourth and fifth factors, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation, these factors are not implicated in any significant way.  Thus, the Court finds that these factors are neutral.

After weighing the factors, the Court recommends staying this case pending resolution of the criminal case and the prison disciplinary proceeding.  <u>See</u> <u>also</u> <u>Wallace</u>, 549 U.S. at 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action

until the criminal case or the likelihood of a criminal case is ended."); <u>Peyton v. Burdick</u>, 358 F. App'x 961, 962 (9th Cir. 2009) ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action until the criminal case . . . is ended.") (alteration in original) (citations and internal quotation marks omitted).

**IV.     RECOMMENDATIONS AND CONCLUSION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     Defendants' motion to stay, filed on October 25, 2022, be GRANTED;

2.     This case be STAYED, including Defendants' obligation to file a responsive pleading, until Plaintiff's related pending criminal proceeding and prison disciplinary matter are resolved, and until further order of the Court; and

3.     Defendants be required to file a status report within fourteen days after the criminal case is resolved, or one year after the date of the stay, whichever is earlier.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within ten (10) days after the objections are filed  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **December 16, 2022**                    **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE