UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA, JR., | No. 1:20-cv-01652 KES GSA (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | ORDER RECOMMENDING THAT: |
| M. GARCIA, et al., | (1) THIS MATTER BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND HIS FAILURE TO KEEP THE COURT INFORMED OF HIS CURRENT ADDRESS, AND |
| Defendants. | |
| | (2) DEFENDANTS' MOTION TO DISMISS BE DENIED AS MOOT |
| | (ECF No. 61) |
| | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed due to Plaintiff's failure to obey a court order and his failure to keep the Court informed of his current address. In addition, the Court will recommend that Defendants' recently filed motion to dismiss (ECF No. 61) be denied as moot. Plaintiff will have fourteen days to file

1

objections to this order.

## I. RELEVANT BACKGROUND

### A. Order Directing Plaintiff to File Notice of Current Address

On March 7, 2023, the motion to stay these proceedings, filed by Defendants, was granted. See ECF Nos. 50, 53 (Ds' motion to stay; grant of same, respectively). The matter was stayed pending resolution of a related criminal matter and disciplinary proceeding that were related to an incident alleged in Plaintiff's complaint. See generally ECF No. 50 at 1 (Defendants' motion); ECF No. 53 at 1 (Court's grant of same). When the stay was granted, Defendants were ordered to file a status report either within fourteen days of Plaintiff's criminal case being resolved, or one year after the date of the stay, whichever came earlier. ECF No. 53 at 2.

Ultimately, on March 4, 2025, Defendants filed a status report which indicated that Plaintiff's related criminal case had been resolved and that Plaintiff had been released from custody on February 18, 2025. ECF No. 59 at 1-2. However, in the report, Defendants also informed the Court that Plaintiff had not updated his address, either with defense counsel or with the Court. Id. at 2. Based on these facts on March 10, 2025, the Court lifted the stay and ordered Plaintiff to file a notice for current address with the Court. ECF No. 60. Plaintiff was given thirty days to do so. Id. at 3.

### B. Order Returned to Court Marked "Undeliverable"

On March 20, 2025, the Court's order which directed Plaintiff to file an updated address with the Court was returned to it marked, "Undeliverable, RTS, Paroled." See 3/20/25 Docket Entry. As a result, pursuant to Local Rule 183(b), Plaintiff had thirty additional days to file a notice of current address with the Court. To date, Plaintiff has not filed one.

### C. Defendants' Motion to Dismiss

On May 7, 2025, Defendants filed a motion to dismiss this matter consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 183(b). ECF No. 61 at 3-5. In support of it, they state that Plaintiff has been released from custody but to date he has not filed a current address with the Court. Id. at 3.

II. APPLICABLE LAW

    A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court. Id.

    B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

    A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order which lifted the stay in this matter and directed him to file a notice of current address with the Court was returned, Plaintiff was nevertheless properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of

3

address with the Court by itself warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address with the Court, yet he has failed to do so. Nor has Plaintiff contacted the Court to provide reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

#### 2. Risk of Prejudice to Defendants

Because Defendants have filed a motion seeking dismissal of this case (ECF No. 61), it is hard to envision a risk of prejudice to them.

#### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

of address[2] since its order directing Plaintiff to file a notice of current address with the Court issued, without the filing of a notice of new address by Plaintiff, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

### C. Defendants' Motion to Dismiss

In light of the above, this matter can be dismissed on its face without considering Defendant's recently filed and pending motion to dismiss. See ECF No. 61. Therefore, the Court declines to consider it, and the motion will be denied as moot.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey a court order and for Plaintiff's failure to keep the Court apprised of his current address. Given the facts stated herein, the undersigned also recommends that Defendants' pending motion to dismiss be denied as moot.

Despite the fact that Plaintiff cannot be located, a period of fourteen days will be given for Plaintiff to file objections to this order. However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge assigned to this action may dismiss it immediately.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED for Plaintiff's failure to obey a court order and for his failure to keep the Court apprised of his current address. See Fed. R. Civ. P. 41(b); Local Rules 110 and 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings

---

[2] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

5

and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **May 10, 2025**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE