UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CORIA, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>        Defendants. | No. 1:20-cv-01652-KES-GSA (PC)<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. 62) |

Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2025, defendants filed a status report requesting that the Court lift the stay in this case, set a deadline for plaintiff to file a notice of change of address because plaintiff had been released from the California Department of Corrections and Rehabilitation's custody on February 18, 2025, and set a deadline for defendants to file a responsive pleading. Doc. 59. On March 10, 2025, the magistrate judge lifted the stay and directed plaintiff to file a notice of current address within thirty days. Doc. 60. The March 10, 2025 order was returned as undeliverable.[1] Defendants subsequently filed a motion to dismiss. Doc. 61.

---

[1] Pursuant to Local Rule 182(f), a pro se party is under a continuing duty to notify the Clerk of the Court of any change of address. Absent such notice, service of documents at the prior address is

On May 12, 2025, the magistrate judge issued findings and recommendations, recommending that this action be dismissed for plaintiff's failure to obey a Court order and his failure to keep the Court informed of his current address. Doc. 62. The findings and recommendations were served on plaintiff at his last known address and contained notice that any objections were to be filed within fourteen days. *Id*. The findings and recommendations were returned as undeliverable. Plaintiff has not provided the Court with his current address or filed objections, and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the matter, the Court concludes that the *Malone* factors— that is, the public's interest in expeditious resolution of litigation; the Court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—weigh in favor of dismissing the case without prejudice. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Plaintiff was previously informed that the Court may dismiss the action for failure to prosecute if he failed to comply with the obligation to keep the Court informed of his correct mailing address. Doc. 4 at 5.

The first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, if plaintiff fails to keep the Court apprised of his address. The stay has been lifted but the litigation cannot currently proceed because plaintiff has not provided his current address to defendants or the Court.

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*,

---

deemed to be fully effective. Local Rule 182(f).

1  769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudice arises through a
2  delay in the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
3  1976).  Toward this end, the third factor also supports dismissal of the action.
4     While the fourth consideration, that public policy favors disposition of cases on their
5  merits, generally weighs against dismissal, here it lends little support "to a party whose
6  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
7  progress in that direction."  *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d
8  1217, 1228 (9th Cir. 2006) (citations omitted).  As to the fifth factor, no lesser sanction is feasible
9  given the Court's inability to communicate with plaintiff.  *See, e.g., Gaston v. Marean*, 2020 WL
10 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate
11 with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to
12 prosecute this action and his failure to apprise the Court of his current address").
13    Accordingly:
14    1. The findings and recommendations issued May 12, 2025, Doc. 62, are adopted to the
15       extent set forth above;
16    2. This matter is DISMISSED without prejudice for plaintiff's failure to prosecute and
17       failure to obey a Court order;
18    3. Defendants' motion to dismiss, Doc. 61, is terminated as moot, and
19    4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

   Dated:   June 13, 2025                              _____
                                                       UNITED STATES DISTRICT JUDGE

3